IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAD EUGENE APPLETON (TDCJ No. 1879585), | § § § § § | |
| Petitioner, | | |
| V. | § § § § § § § § | No. 3:16-cv-1049-D-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Chad Eugene Appleton, a Texas inmate, proceeding *pro se*, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below, the Court should deny the application.

**Applicable Background**

"Appleton waived a jury and pleaded guilty to theft of property valued at $1,500 or more but less than $20,000 and evading arrest or detention while using a vehicle." *Appleton v. State*, Nos. 05-13-01245-CR & 05-13-01246-CR, 2014 WL 2808086, at *1 (Tex. App. – Dallas June 18, 2014, no pet.) (citation omitted); *see State v. Appleton*, Nos. 28,881 & 28,882 (196th Dist. Ct., Hunt Cty., Tex.). "The trial court assessed punishment at eighteen months' confinement in a state jail on the theft conviction" and "assessed punishment, enhanced by two prior felony convictions, at thirty-five years' imprisonment on the evading arrest conviction." *Appleton*, 2014 WL 2808086, at *1.

-1-

His convictions and sentences were affirmed on direct appeal, after his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). *See id.*

Although Appleton petitioned the state courts for habeas relief as to both criminal judgments, he discharged the sentence for his theft conviction prior to collaterally challenging that conviction, because he received 232-days of pre-sentencing jail-time credit towards that judgment. *See Ex parte Appleton*, WR-83,563-02 (Tex. Crim. App. Apr. 6, 2016). And the Texas Court of Criminal Appeals (the "CCA") denied the habeas petition as to evading-arrest-or-detention conviction without written order on findings of the trial court without a hearing. *See Ex parte Appleton*, WR-83,563-01 (Tex. Crim. App. Apr. 6, 2016); *see also* Dkt. No. 10-23 at 24-41 (trial-court findings of fact and conclusions of law and exhibits).

In his timely-filed federal habeas application, Appleton asserts six separate claims that amount to allegations that his trial counsel was ineffective in violation of the Sixth Amendment for two reasons, that his guilty plea was not knowingly and voluntarily entered for two reasons, that he was not given timely notice of the State's intent to enhance punishment, and that he is actually innocent.

**Legal Standards**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect

-3-

application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in

-4-

existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. \_\_\_, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies

not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

**Analysis**

Actual-Innocence Claim

To the extent that Appleton asserts a stand-alone claim of actual innocence, that claim is not an independent ground for federal-habeas relief and therefore should be denied. *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate,

underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

Remaining Claims

Appleton's claims (1) that the State failed to properly notice its intent to enhance punishment; (2) that his trial counsel was constitutionally ineffective for allowing counsel's associate to reject a prior plea bargain offer; and (3) that counsel violated the Sixth Amendment by failing to challenge the deadly-weapon finding are all "nonjurisdictional challenges to [his] conviction's constitutionality" and are therefore "cut off" if Appleton fails to establish that his guilty plea is not voluntary. *Norris v. McDonough*, No. 8:06-CV-0036-T-30TBM, 2007 WL 1655617, at *6 (M.D. Fla. June 6, 2007) (citing *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)))); *see Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel, for example, are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea"); *Young v. Quarterman*, No. SA-06-CA-1003-NN, 2007 WL 2572043, at *27 (W.D. Tex. Sept. 4, 2007) ("A guilty plea, voluntarily entered, waives all nonjurisdictional errors by the trial court that preceded the petitioner's guilty plea." (collecting cases, including *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("a guilty plea represents a break in the

chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."))); *see also Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) (per curiam) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.").

Other courts have specifically recognized that each of the three claims outlined above is a nonjurisdictional challenge foreclosed by a valid guilty plea. *See, e.g., Riselay v. United States*, 103 F.3d 130 (table), 1996 WL 694145, at *2 (6th Cir. Dec. 3, 1996) (per curiam) (holding that an argument that "the district court lacked jurisdiction to sentence him to an enhanced penalty because of an allegedly defective notice under 21 U.S.C. § 851" is foreclosed because that claim is based on "an antecedent, nonjurisdictional defect that was waived by the entry of [a] valid guilty plea" (citing *Tollett*, 411 U.S. at 261-67; citation omitted)); *United States v. Price*, Nos. 1:06cr74WJG-JMR-1 & 1:08cv306WJG, 2010 WL 147804, at *3 (S.D. Miss. Jan. 11, 2010) (similar but as to a dangerous-weapon enhancement); *White v. United States*, Nos. 4:13cv166 & 4:10cr18(1), 2016 WL 1296465, at *5 (E.D. Tex. Feb. 12, 2016)

("Movant's eventual plea of guilty was knowing and voluntary; thus, his claim that counsel's erroneous advice caused him to reject an earlier plea offer is barred as it occurred prior to Movant's guilty plea." (citing *Smith*, 711 F.2d at 682; citation omitted)), *rec. adopted*, 2016 WL 1271647 (E.D. Tex. Mar. 21, 2016).

The Court should therefore first examine the validity of Appleton's guilty plea.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Here, the CCA's conclusion that Appleton's plea was voluntary is supported by

findings made by the trial court:

> 27. The Court finds that trial counsel advised Applicant to persist in his plea of "not guilty" and to present his case to a jury.
> 28. The Court finds that Applicant rejected trial counsel's advice and elected to enter a plea of "guilty" to the trial court, and to elect to have the trial court assess punishment.
> 29. The Court finds that Applicant was aware at the time that he so elected that the possible punishment in his case was 25 years to 99 years or life, with an optional fine of $10,000.00, and that he was so admonished by the trial court prior to entering his plea of "guilty."
> 30. The Court finds that Applicant waived his right to have additional time to prepare for the punishment hearing when such was offered by the trial court.
> 31. The Court finds that Applicant pled "true" to each and every of the enhancement paragraphs, and that Applicant persisted in such plea after again being admonished as to the punishment range by the trial court.
> 32. The Court finds that each of the above-referenced pleas and waivers were made in direct opposition to the advice of trial counsel.
> 33. The Court finds that Applicant's plea of "guilty" was knowingly and voluntarily entered.

Dkt. No. 23-10 at 28-29.

The CCA's voluntary-guilty-plea conclusion is further supported by the written plea admonishments, *see id.* at 36-38 (advising Appleton of the charge against him and the range of punishment – 25 to 99 years of incarceration based on sentencing enhancements); the judicial confession, *see id.* at 39-40; and the jury waiver, *see id.* at 35. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

And, in light of these representations considered against the trial court's detailed findings, Appleton fails to show that the CCA's conclusion that his guilty plea was entered voluntarily amounts to either an unreasonable application of clearly established federal law or an unreasonable determination of the evidence.

The Court should therefore deny the remaining grounds for habeas relief based on the state-court determination that the guilty plea was knowingly and voluntarily entered.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE